T. W. EVANS v. JOHN E. and NARCISSA P. SAUNDERS.

CONTRACT. *Construction.* Under the assumption by the purchaser of land of "the payment of whatever taxes of every description that may be levied on said property legally for this present year, 1869," the purchaser is not liable for the payment of a succession tax which accrued three years before the purchase, and was assessed and collected two years afterward.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county.    N. BAXTER, J.

H. E. JONES for Evans.

J. C. MALONE for Saunders.

COOPER, J., delivered the opinion of the court.

On the 8th of February, 1869, John E. Saunders and Narcissa P. Saunders sold and conveyed by deed, with covenants of seisin, title and against encumbrances, to T. W. Evans, a lot in Nashville for the consideration of $5,808 in cash, "and the payment of whatever taxes of every description that may be levied on said property legally for this present year 1869." The lot had descended to the grantors as the heirs of a sister who died in 1866.

By the act of Congress of 1864, ch. 173, sec. 133, it was enacted . "that there shall be levied and paid to the United States," in respect of every succession

of real estate, where the successor shall be a brother or sister, or a descendant of a brother or sister, a duty at a prescribed rate. By sec. 147, any person liable to pay duty in respect of any succession was required to give notice to the assessor of his liability, and deliver a true account of the succession.

This provision is re-enacted with some modifications by the act of 1866, sec. 184. No such notice and account of the succession of the lot in question seems to have been given. On the June list of the United States Assessor's book, on the 10th of July, 1870, the lot was entered for taxes and penalties for neglect to report, the amount assessed to each of the defendants being $102.66.

On the 7th of January, 1871, a warrant was issued by the United States Revenue Collector against the property and levied thereon, and Evans paid the money to prevent a sale. He brought this suit to recover the amount so paid. The circuit judge, who tried the case without a jury, gave judgment for the defendants and the plaintiff appealed in error.

It is conceded that the plaintiff is entitled to recover unless the taxes fall within those which he undertakes to pay in part consideration for the land. His agreement is to pay "whatever taxes of every description that may be levied on said property legally for the present year 1869." The circuit judge construed the words, "may be levied," as meaning might be collected, and as the succession taxes in question, although not assessed, actually accrued when the land descended in 1866, and might have been collected

during the year 1869, the plaintiff had bound himself to pay them.

We are unable to concur in this view of the contract. It makes the obligation equivalent to an agreement to pay all the taxes for previous years, for such taxes might, equally with the succession tax, be collected during that year if unpaid. It is obvious, however, that an agreement to pay all past taxes, as well as the taxes for 1869, would have been plainly expressed, not left to be inferred from the technical meaning of one word, "levied," and the strained construction of two others, "may be." Besides, the agreement is not to pay the taxes which may be levied *during* the present year, but *for* the present year. The plain meaning of the parties was to limit the liability of the grantee to the taxes for the year 1869. The word "levied" was used in the not uncommon sense, even in law books, of laid or assessed, and collected.

The judgment must be reversed, and a judgment rendered here in favor of the plaintiff for the taxes paid, with interest